TAGGED OPINION
[NOT PUBLISHED]



**ORDERED in the Southern District of Florida on July 06, 2010.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:    CASE NO.: 09-33208-LMI

CRISTOBAL GARCIA and YIDIAN MARIA    CHAPTER 7
GARCIA,

        Debtors.
_____/

**ORDER OVERRULING LEGAL OBJECTION TO TRUSTEE'S OBJECTIONS UNDER
522(o)(4) AND SETTING EVIDENTIARY HEARING**

This matter came before the Court on the Trustee's Objections under 522(o)(4) to the Debtors' Claimed Homestead Exemption on Real Property (DE #38). The Court has reviewed the Debtors' Memorandum in Opposition to the Motion (DE #53), as well as the Trustee's Response to the Debtor's Memorandum (DE #54). For the reasons set forth below, the Court overrules the Debtors' legal objections raised and sets this matter for evidentiary hearing.

## FACTS[1]

The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 26, 2009.

The Debtors listed their claimed homestead real property located at "2635 West 8th Lane, Hialeah, Florida 33010" ("the Homestead") on Schedule A with an estimated value of $205,664.00 and a mortgage of $111,494.00. On Schedule C, the Debtors claimed the Homestead as exempt in the amount of $94,170.00.

On item 10 of their Statement of Financial Affairs, the Debtors noted that they sold real property located at "2735 West 61 Place, #203, Hialeah, Florida" (the "Investment Property") on August, 2008. The Debtors acknowledge that this was an investment property that was rented out until the day it was sold, and, that the Debtors' received net proceeds of $49,000.00 from sale of the Investment Property.

Prior to purchasing the Homestead, the Debtors were living at "2730 West 61 Place, #102, Hialeah, Florida" (the "Prior Homestead"). However, because the Debtors were unsuccessful in attempts to modify the mortgage on the Prior Homestead they purchased the more affordable Homestead. On June 8, 2009, the Debtors used $33,000.00 from the proceeds of the Investment Property to purchase the Homestead.

The Trustee also claims that during the Rule 2004 Examination, the Debtors testified that the proposed loan modification documents contained a clause that they interpreted as meaning that if the loan modification was not approved, the bank could take the proceeds from the sale of the Investment Property that the Debtors had deposited in a bank account; therefore, the Debtors used $33,000.00 of the proceeds to purchase the Homestead.

---

[1] Based on the memoranda filed, these facts appear to be undisputed.

CASE NO.: 09-33208-LMI

## PROCEDURAL BACKGROUND

The Trustee objects to the Debtors' homestead exemption pursuant to 11 U.S.C. §522(o) to the extent of the $33,000 investment proceeds used to purchase the Homestead. The Debtors argue, however, that such an objection is not well founded because the Debtors' Homestead is protected by the Florida Constitution and is virtually absolute. Moreover, the Debtors argue, even if the Debtors, as alleged by the Trustee, placed the investment proceeds in the Homestead with the intent to hinder, delay and defraud creditors, the Homestead is nonetheless inviolate, as confirmed by the Florida Supreme Court in *Havoco of America Ltd. v. Hill*, 790 So.2d 1018 (Fla. 2001).

The Trustee counters that while there is no question that, absent bankruptcy, the investment proceeds would enjoy homestead protection, such is not the case in bankruptcy, where, pursuant to the Supremacy Clause, the provisions of 11 U.S.C. §522(o) supersede the provisions of the Florida Constitution.

## THE FLORIDA CONSTITUTION AND THE SUPREMACY CLAUSE

The Florida Constitution grants broad homestead protection to Florida residents.[2] The Florida Constitution provides:

> There shall be exempt from forced sale under process of any court and no judgment, decree or execution shall be a lien thereon except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, filed or other labor performed on the realty, the following property owned by a natural person: a homestead…

Article X, Sec. 4(a)(1) Fla. Constitution.

In 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Act of 2005 ("BAPCPA"). Included in the many revisions to the Bankruptcy Code[3] were three changes to

---

[2] Indeed, the Florida's virtually unlimited constitutional homestead protection is one of the reasons Congress enacted 11 U.S.C. §522(o).

Section 522, the exemption section, aimed at closing the "mansion loophole" – the unlimited homestead exemption in several states, including Florida.[4]  One of those three changes is 11 U.S.C. §522(o) which provides in pertinent part:

> (o) For purposes of subsection (b)(3)(A),[5] and notwithstanding subsection (a), the value of an interest in - . . .
>
> (4) real or personal property that the debtor or a dependent of the debtor claims as a homestead;
>
> shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of.

Under section 522(o) the value of the investment proceeds are recoverable by the Trustee if he can prove the Debtors placed the investment proceeds in their Homestead with the intent to hinder, delay or defraud a creditor.  In other words, the Florida Constitution and the Bankruptcy Code conflict.

> The Supremacy Clause of the United States Constitution states that
>
> This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all Treaties made, or which shall be made under the Authority of the United States, shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any State to the contrary notwithstanding.

U.S. Const. art. VI, cl. 2.

---

[3] Title 11 of the United States Code
[4] *See* H.R. Rep. No. 109-31, pt. 1, at 15-16 (2005).
[5] 11 U.S.C. §522(b)(3)(A) provides:

> (3) Property listed in this paragraph is - (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition, or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place.

As Judge Paskay neatly summarized -

> It is a well-established principle that the Supremacy Clause invalidates state laws that 'interfere with, or are contrary to,' federal law. *Gibbons v. Ogden,* 22 U.S. (9 Wheat.) 1, 211, 6 L.Ed. 23 (1824). Under the Supremacy Clause, federal law may supersede state law in several different ways. First, when acting within constitutional limits, Congress is empowered to pre-empt state law by so stating in express terms. *Jones v. Rath Packing Co.,* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). Pre-emption of a whole field also will be inferred where the field is one in which 'the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.' *Hines v. Davidowitz,* 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941).
>
> Even where Congress has not completely displaced state regulation in a specific area, state law is nullified to the extent that it actually conflicts with federal law. Such a conflict arises when 'compliance with both federal and state regulations is a physical impossibility,' *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963), or when state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,' *Hines v. Davidowitz, supra.*

*In re Snape,* 172 B.R. 361, 362-363 (Bankr. M.D. Fl. 1994). *Accord In Re Cabrera*, 2009 WL 4666460 (Bankr. S.D. Fla. Dec. 8, 2009).

It is without debate that only Congress can establish laws on bankruptcy. It is also undisputed that the virtually limitless Florida homestead law prompted the enactment of section 522(o). Moreover, the provisions of the Florida Constitution conflict with section 522(o). Accordingly, by virtue of the Supremacy Clause, 11 U.S.C. §522(o) preempts Florida's constitutional homestead exemption. "[T]he state's ability to define its exemptions is not absolute and must yield to conflicting policies in the Bankruptcy Code." *In re Weinstein*, 164 F.3d 677, 683 (1st Cir. 1999). *See, e.g., In re Maddox,* 15 F.3d 1347, 1351 (5th Cir. 1994) (holding that lien avoidance under §522(f) is not limited by state exemptions); *In re Opperman,* 943 F.2d 441, 443 (4th Cir. 1991) (Limitation in North Carolina homestead statute is invalid to

the extent it conflicts with operation of § 522(f)); *In re Whalen-Griffin*, 206 B.R. 277 (Bankr. D. Mass. 1997) (Massachusetts homestead statute is preempted by 11 U.S.C. §522(c); *In re Scott*, 199 B.R. 586, 591-93 (Bankr. E.D.Va. 1996); *In re Conyers*, 129 B.R. 470, 472 (Bankr. E.D.Ky. 1991).[6]

Accordingly, it is ordered as follows:

1.   Debtors' legal objection to the Trustee's objections under 11 U.S.C. §522(o)(4) are overruled.

2.   The Court will conduct an evidentiary hearing on **August 5, 2010 at 2:45 p.m.** to resolve the factual disputes relating to the claimed exemption, in Room 1409, Miami, Florida 33130.

3.   The parties shall exchange witness lists and exhibits registers (including exhibits) no later than two (2) business days prior to the hearing.

4.   The parties shall be expected to announce at the opening of the hearing any stipulations regarding facts as well as to the admission of any exhibits.

# # #

Copies furnished to:
Antonio Sirven, Esq.
Robert Anguiera, Esq.

---

[6] For an excellent overview of BAPCPA's impact on Florida's homestead exemptions see Hon. Michael G. Williamson, *2005 Bankruptcy Reform Legislation: New Caps on the Florida Homestead Exemption* (2005).